STATE, EX REL. JOHN O. MAGIE, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF UNION, IN THE COUNTY OF .UNION.

Upon an application for a writ of *mandamus* against the township committee of Union, to compel them to borrow money to pay a judgment, it appears that a demand was made upon one member and the clerk of the committee to perform this duty, on May 24th, and the rule to show cause in this case was allowed June 1st following, and there was no meeting of the township committee in the interval. *Held*—That the interval is too brief to support a presumption of a refusal of the committee to perform their duty.

A judgment was entered in favor of John O. Magie, on December 19th, 1870, for $11,426.75, against the township committee of the township of Union. A writ of *mandamus* is craved by the relator, to be directed to the said committee, commanding them to borrow such sum as may be necessary to pay said judgment, and provide for the payment of such sum by the issue of bonds.

Argued at June Term, 1880, before Justices DIXON and REED.

For the relator, *W. P. Wilson.*

For the respondents, *Joseph Cross.*

The opinion of the court was delivered by

REED, J. This judgment is for a claim imposed upon the respondents by the operation of the act of 1872. *Pamph.*

Magie v. Township of Union.

*L., p.* 972. The judgment is not against the township as a corporation. It is against the township committee, who, by the act, is a *quasi* corporate body. *Rader* v. *Township of Union,* 10 *Vroom* 509.

The only method by which the satisfaction of this judgment can be effected is by the machinery provided in the second section of the act of 1872. The committee thereby are empowered to borrow money for this purpose, upon the faith of bonds of the township, which they are empowered to issue.

Upon a refusal of the committee to take steps in the direction pointed out by the act for the purpose of paying this claim, the relator, upon well-established principles, would be entitled to his writ.

I do not think, however, that the relator shows such delay on the part of the committee, after notice of the judgment given by him to the committee, as raises a presumption of refusal on the part of the committee to perform their duty.

The demand was made May 24th, 1880, by service on one of the members and upon the clerk of the township committee. The rule to show cause in this case was allowed June 1st, 1880.

There was no meeting of the township committee in the interval. The interval is too brief to support a conclusion that the committee refused to meet and act.

The rule is discharged, with costs.